Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Rebecca K. Smith
Public Interest Defense Center, P.C.
PO Box 7584
Missoula, MT 59807
406.531.8133
publicdefense@gmail.com


Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

ALLIANCE FOR THE WILD
ROCKIES

          Plaintiff,               CV-18-67-DWM

vs.

CHRIS SAVAGE, Kootenai National
Forest Supervisor; MARY
FARNSWORTH, Idaho Panhandle
Forest Supervisor; TIMOTHY
GARCIA, Lolo National Forest
Supervisor; LEANNE MARTEN,
Region One Regional Forester;
UNITED STATES FOREST
SERVICE, an agency of the U.S.
Department of Agriculture; and U.S.
FISH AND WILDLIFE SERVICE, an
agency of the U.S. Department of
Interior,

          Defendants**.**

**PLAINTIFF'S PRELIMINARY
PRETRIAL STATEMENT**

## I. INTRODUCTION

Plaintiff acknowledges this Court's admonishment in *Keith v. Tidwell*, CV-13-99-M-DWM, Doc. 19, which states: "One of [the parties'] proposed stipulation - Stipulation II(B) - notes that, under Local Rule 16.2(a)(1), preliminary pretrial statements, discovery plans, and related requirements are not required in appeals from administrative decisions *unless ordered by the Court*. The Court notes that such an order has been issued in this case." *Id.* at n.1 (emphasis added).  Mindful of this admonishment, and pursuant to a similar order issued by this Court on April 9, 2018 (Doc. 3), Plaintiff submits the following preliminary pretrial statement in accordance with Local Rule 16.2(b)(1).

## II.  PRELIMINARY PRETRIAL STATEMENT

A.  BRIEF FACTUAL OUTLINE OF THE CASE

This is civil action for judicial review under the Administrative Procedure Act and Endangered Species Act challenging the Kootenai National Forest "Access Amendments" and the implementation of those Access Amendments in the Pilgrim Project.  On November 9, 2011, National Forest Supervisors Paul Bradford (Kootenai National Forest), Mary Farnsworth (Idaho Panhandle National Forest), and Deborah Austin (Lolo National Forest) signed the Record of Decision for the Forest Plan Amendments for Motorized Access Management within the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Zones, which is also referred to as the

1

"Access Amendments." The Access Amendments contain requirements that limit road density in habitat for the Cabinet-Yaak grizzly bear, which is a species that is listed under the Endangered Species Act (ESA) and currently warranted for uplisting from threatened to endangered status.

Access Amendments Standard II prohibits permanent increases in linear miles of open and/or total roads above the baselines identified in Table 4 of the Access Amendments EIS, in the areas referred to as "Bears Outside Recovery Zones" or "BORZ." On May 7, 2013, the Kootenai National Forest Supervisor signed a Record of Decision (ROD) authorizing Alternative 3 of the Pilgrim Creek Timber Sale Project. Plaintiff Alliance for the Wild Rockies (Alliance) filed suit over the Pilgrim Project alleging that it violated Access Amendments Standard II(B) because the Project either unlawfully excluded the miles of roads behind earthen berms from the calculation of linear miles of total roads, or in the alternative, failed to demonstrate that newly-constructed roads would receive an earthen berm as opposed to a gate.

On June 30, 2014, this Court ruled in USFS's favor on the former and in Plaintiff's favor on the latter. *Alliance for Wild Rockies v. Bradford*, 35 F.Supp.3d 1246, 1255 (D. Mont. 2014). After the remand was completed, Plaintiff appealed this Court's ruling, and challenged whether roads behind berms can be excluded from calculations of total miles of roads. On May 17, 2017, the Ninth Circuit Court

of Appeals upheld the interpretation that miles of roads behind earthen berms need not be counted in the linear miles of total roads. *Alliance for the Wild Rockies v. Bradford*, 856 F.3d 1238 (9th Cir. 2017). In *Bradford*, however, the Ninth Circuit conditioned its acceptance of USFS's interpretation on "the understanding that any closure that fails to effectively prevent motorized access also fails to comply with Standard II(B) of the Access Amendments." *Id.* at 1243.

Following the guidance from the *Bradford* opinion, in October 2017, investigators conducted a survey of berm-closure effectiveness in the Clark Fork and Tobacco BORZ in the Kootenai National Forest; this investigation discovered numerous berms that "fail to effectively prevent motorized access" as required under the Ninth Circuit's opinion in *Bradford*. *Id.* Thus, because USFS has built additional roads without first effectively preventing motorized access on these existing roads, there is a net increase in total miles of linear roads, which violates Access Amendment Standard II(B), and therefore violates NFMA. *See Bradford*, 856 F.3d 1243.

Moreover, the investigation discovered roads that were categorized as closed but were open upon inspection, as well as illegal user-created roads that were simply unaccounted for in the USFS road databases. These linear miles of open and total roads represent an additional net increase over the baselines set forth in the Access Amendments. These additional net increases violate the Access

Amendments Standards II (A) and (B).

In light of this new information, on December 21, 2017, Plaintiff Alliance for the Wild Rockies (Alliance) sent Defendants USFS and USFWS a 60-Day Notice of Intent to Sue for violations of the ESA. The ESA consultation on the Access Amendments and Pilgrim Project presumed that all berms would be 100% effective at preventing motorized access behind the berms, but that assumption has proven false. Moreover, there are additional roads on the landscape with either ineffective closures or no closure whatsoever that are not accounted for in the roads database. Thus, USFS is either in violation of the Records of Decision and USFWS Biological Opinion and Incidental Take Statement for the Access Amendments and Pilgrim Project, or, in the alternative, this information about ineffective berms, ineffective closures, and new unauthorized roads triggers a need for a supplemental EIS and reinitiated ESA consultation on the Access Amendments and Pilgrim Project.

In response to Plaintiff's 60-Day Notice, USFS ignored the big picture problem in this case – the cumulative and recurring problems of ineffective berms, ineffective closures, and new unauthorized roads – and instead narrowly focused only on the examples of violations found by investigators on one particular field visit. USFS states: "The district will take action to improve existing berms on NFSRs 2244H and 2214A, evaluate and improve the closure at the gate on NFSR

2228, and work with Avista to close NFSR 14621 during the field season in 2018."
While improving each of these individual berms may enhance their effectiveness, it
does not address the underlying issue that berms are not effective at preventing
motorized use.

In summary, the discovery of ineffective berms, ineffective closures, and
additional uncounted roads requires the following:  (1) reinitiation of ESA Section 7
consultation for both the Access Amendments and the Pilgrim Project, (2) a new
Incidental Take Statement under ESA Section 9 for both the Access Amendments
and the Pilgrim Project, (3) a declaration that the addition of new roads to the
baselines violates the Access Amendments and thus violates NFMA, and (4) a
supplemental EIS for both the Access Amendments and the Pilgrim Project.


B.  BASIS FOR FEDERAL JURISDICTION & FOR VENUE IN THE DIVISION

This action arises under the laws of the United States and involves the United
States as a Defendant.  Therefore, this Court has subject matter jurisdiction over the
claims specified in Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1331,
1346.  Venue in this case is proper under 28 U.S.C. § 1391(e).  Defendant Marten,
the chief representative for U.S. Forest Service Region One, and the chief
representative of the U.S. Forest Service in the State of Montana, resides within the
Missoula Division of the United States District Court for the District of Montana

C.  FACTUAL BASIS FOR CLAIMS

1.  FIRST CLAIM FOR RELIEF

Plaintiff's First Claim is that USFS is violating Access Amendments Standards II(A) and (B) because (1) numerous earthen berms fail to effectively prevent motorized access, (2) numerous roads are open for motorized use although they are designated as closed, and (3) there are a number of illegal user-created open roads on the landscape.  Cumulatively, these roads unlawfully increase open and total roads above the Access Amendments baseline, which violates NFMA and NEPA.

Access Amendments Standard II(A) requires "no increases in permanent linear miles of open road on National Forest System lands in any individual BORZ, above the baseline conditions identified in Table 4."  Numerous roads in BORZ areas that are designated as seasonally or permanently closed were found to be open upon field inspection.  This increase in open roads violates Standard II(A).  Numerous open illegal user-created roads that are not found in any USFS road database were also found in BORZ areas upon field inspection.  This increase in open roads violates Standard II(A).

Access Amendments Standard II (B) requires "no net permanent increases in linear miles of total roads in any individual BORZ area above the baseline conditions identified in Table 16."  As noted above, numerous open illegal user-

6

created roads that are not found in any USFS road database were found in BORZ areas upon field inspection.  This increase in total roads violates Standard II(B). Additionally, numerous roads with earthen berms in BORZ areas were found to be ineffective at preventing motorized use upon field inspection.  This increase in total roads violates Standard II(B).

Thus, throughout the Tobacco BORZ and Clark Fork BORZ, which includes the Pilgrim Project area, there has been an unlawful increase in open and total miles of roads above the applicable BORZ baselines.  This represents a violation of NFMA according the Ninth Circuit's opinion in *Bradford*.

2.  SECOND CLAIM FOR RELIEF

Plaintiff's Second Claim is that USFS's failure to ensure compliance with the Access Amendments baselines requires reinitiation of ESA consultation, and indicates that USFS is causing unpermitted "take" of the threatened Cabinet-Yaak grizzly bear in violation of Section 9 of the ESA.  The agencies must reinitiate ESA consultation on the Access Amendments and Pilgrim Project.

"Reinitiation of formal consultation [under the ESA] is required and shall be requested by the Federal agency or by the Service, where discretionary Federal involvement or control over the action has been retained or is authorized by law and: (a) If the amount or extent of taking specified in the incidental take statement is exceeded; (b) If new information reveals effects of the action that may affect

7

listed species or critical habitat in a manner or to an extent not previously

considered; (c) If the identified action is subsequently modified in a manner that

causes an effect to the listed species or critical habitat that was not considered in the

biological opinion; or (d) If a new species is listed or critical habitat designated that

may be affected by the identified action."  50 C.F.R. §402.16.

USFS is permitted to cause incidental take of Cabinet-Yaak grizzly bears in

accordance with the terms of the October 18, 2011 Incidental Take Statement (ITS)

for the Access Amendments. If USFS does not comply with those terms, the take is

not permitted absent a new formal biological opinion and incidental take statement.

The 2011 ITS states: "In the BORZ, permanent increases in linear miles of open

road and/or permanent increases in linear miles of total road beyond the standards

in Table 4 of this biological opinion will result in levels of take that exceed the

amount of incidental take we anticipate here, and reinitiation of consultation would

be required."

Because (1) numerous earthen berms fail to effectively prevent motorized

access, (2) numerous roads are open for motorized use although they are designated

as closed, and (3) there are a number of illegal user-created open roads on the

landscape, USFS has allowed an increase in open and/or total roads above the

Access Amendments baseline, which exceeds the amount of take authorized by the

incidental take statement, thereby triggering the need for reinitiation of

consultation.  Moreover, the discovery of numerous ineffective berms, ineffective

closures, and illegal user-created roads constitutes either new information and/or a

modification of the action, which also requires reinitiation of consultation.  All site-

specific ESA consultations that tier to the now-invalid Access Amendments

Biological Opinion & Incidental Take Statement must also undergo new

consultation, including the site-specific consultation for the Pilgrim Project.

 3.  THIRD CLAIM FOR RELIEF

 The discovery of numerous ineffective berms, ineffective closures, and

illegal user-created roads in the Tobacco BORZ and Clark Fork BORZ constitutes

significant new information relevant to environmental concerns, which requires a

supplemental EIS for the Access Amendments and Pilgrim Project under NEPA.

"Agencies: (1) Shall prepare supplements to either draft or final environmental

impact statements if:  (i) The agency makes substantial changes in the proposed

action that are relevant to environmental concerns; or (ii) There are significant new

circumstances or information relevant to environmental concerns and bearing on the

proposed action or its impacts."  40 C.F.R. §1502.9.

 The discovery of numerous ineffective berms, ineffective closures, and

illegal user-created roads constitutes significant new information relevant to

environmental concerns and bearing on the impacts of the Access Amendments and

the Pilgrim Project because the evidence from the field disproves USFS's

9

assumptions that earthen berms effectively prevent motorized access, that all closures are being implemented, and that no additional new roads have been added to the baseline, which mandates that USFS prepare a supplemental EIS for the Access Amendments and Pilgrim Project.

D.  LEGAL THEORY UNDERLYING EACH CLAIM

The legal theory underlying Plaintiff's First Claim is that the violation of the Access Amendments, which are a part of the Kootenai, Lolo, and Idaho Panhandle Forest Plans, is a violation of NFMA and NEPA.  The legal theory underlying Plaintiff's Second Claim is that the failure to ensure that all berms are effective, that all closed roads are closed, and that no new unauthorized roads are created result in an increase in roads above baseline levels, which violates the Incidental Take Statement and triggers reinitiation of consultation under the ESA.  The legal theory underlying the Plaintiff's Third Claim is that the discovery of numerous ineffective berms, violations of road closures, and new unauthorized roads requires a supplemental EIS under NEPA.

E. COMPUTATION OF DAMAGES

Monetary damages are not available in this case.  Plaintiff seeks declaratory and injunctive relief.

F.  PENDENCY OR DISPOSITION OF ANY RELATED STATE OR FEDERAL LITIGATION

As set forth above, on May 7, 2013, the Kootenai National Forest Supervisor signed a Record of Decision (ROD) authorizing Alternative 3 of the Pilgrim Creek Timber Sale Project.  Plaintiff Alliance for the Wild Rockies (Alliance) filed suit over the Pilgrim Project alleging that it violated Access Amendments Standard II(B) because the Project either unlawfully excluded the miles of roads behind earthen berms from the calculation of linear miles of total roads, or in the alternative, failed to demonstrate that newly-constructed roads would receive an earthen berm as opposed to a gate.

On June 30, 2014, this Court ruled in USFS's favor on the former and in Plaintiff's favor on the latter. *Alliance for Wild Rockies v. Bradford*, 35 F.Supp.3d 1246, 1255 (D. Mont. 2014). After the remand was completed, Plaintiff appealed this Court's ruling, and challenged whether roads behind berms can be excluded from calculations of total miles of roads.  On May 17, 2017, the Ninth Circuit Court of Appeals upheld the interpretation that miles of roads behind earthen berms need not be counted in the linear miles of total roads.  *Alliance for the Wild Rockies v. Bradford*, 856 F.3d 1238 (9th Cir. 2017).  In *Bradford*, however, the Ninth Circuit conditioned its acceptance of USFS's interpretation on "the understanding that any closure that fails to effectively prevent motorized access also fails to comply with Standard II(B) of the Access Amendments." *Id.* at 1243.

G.  PROPOSED STIPUATIONS OF FACT AND UNDERSTANDING AS TO

11

WHAT LAW APPLIES.

Regarding understanding of what law applies, Plaintiff's First Amended Complaint pleads claims under NEPA, NFMA, ESA, and APA. Regarding stipulations of fact, Plaintiff proposes First Amended Complaint paragraphs 26-100 as proposed stipulations of facts.

H.  PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS

Plaintiff does not anticipate joinder of parties or further amendment of pleadings at this time. Nonetheless, Plaintiff's proposed deadline is September 1, 2018.

I.  IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION

All claims presented in this case are suitable for pretrial disposition on cross-motions for summary judgment.

J.  THE NAME AND CITY AND STATE OF CURRENT RESIDENCE OF EACH INDIVIDUAL KNOWN OR BELIEVED TO HAVE INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES, AND A SUMMARY OF THAT INFORMATION.

1.  Leanne Marten, USFS Region One Supervisor, Missoula, Montana.

Defendant Marten has information regarding management of the Kootenai,

12

Lolo, and Idaho Panhandle National Forests.

2. Chris Savage, Kootenai National Forest Supervisor, Libby, Montana.

   Defendant Savage has information regarding management of the Kootenai

   National Forest.

3. Mary Farnsworth, Idaho Panhandle Forest Supervisor, Coeur d'Alene, Idaho.

   Defendant Farnsworth has information regarding management of the Idaho

   Panhandle National Forest.

4. Timothy Garcia, Lolo National Forest Supervisor, Missoula, Montana.

   Defendant Garcia has information regarding management of the Lolo

   National Forest.

5. Lindsay Wancour, Field Investigator, Missoula, Montana. Ms. Wancour and

   her field partner visited berms in the Clark Fork and Tobacco BORZ in the

   fall of 2017 and completed a declaration that sets forth their findings.

6. Kate Liddle Broberg, Field Investigator, Missoula, Montana. Ms. Liddle

   Broberg is the field partner of Ms. Wancour, and visited berms in the Clark

   Fork and Tobacco BORZ in the fall of 2017.

7. Annora Nelson, USFS Staff, Rexford Fortine Ranger District, Kootenai

   National Forest, Eureka, Montana. Ms. Nelson provided information

   regarding berm locations to Ms. Wancour and Ms. Liddle Broberg for their

   field investigation.

K.  THE SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY

COVER ANY RESULTING JUDGMENT.

No monetary damages are available in this case; thus this provision is

inapplicable.

L.  THE STATUS OF ANY SETTLEMENT DISCUSSIONS AND PROSPECTS

FOR COMPROMISE OF THE CASE.

At this time, no settlement discussions have occurred and prospects for

compromise are unknown.  However, if Defendants would agree to conduct a

supplemental EIS and reinitiate ESA consultation on the Access Amendments and

Pilgrim Project to address (1) the ineffectiveness of dirt berms in preventing all

motorized access, (2) the chronic violations of closed roads, and (3) the ongoing

problem with the creation of illegal, user-created roads, Plaintiff would consider

settling this case.

M.  SUITABILITY OF SPECIAL PROCEDURES

At this time, Plaintiff does not foresee the need for special procedures.


Respectfully submitted this 1st  Day of June, 2018.


_/s/ Rebecca K. Smith_
Rebecca K. Smith
Public Interest Defense Center, P.C.

Timothy M. Bechtold

14

BECHTOLD LAW FIRM, PLLC

Attorneys for Plaintiff